UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RACHEL MARIA PHIFER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:18-CV-198-TWP-HBG |
| v. | ) | |
| | ) | |
| CRYSTAL SIKES and OFFICER | ) | |
| MONEYMAKER, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court after assessing Plaintiff the filing fee [Doc. 11]. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I.  SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

On March 2, 2017, Defendant Inmate Sikes attacked Plaintiff, hitting her very hard and fast in the face, head, back of her head, and especially her back near or on her spinal cord [Doc. 1 p. 7]. While Defendant Sikes was holding Plaintiff's hair and shirt, Plaintiff tried to get loose and fell to the ground [*Id.*]. When Plaintiff hit the floor, Defendant Officer Moneymaker came into the pod and yelled "on the floor – face down," which is protocol for fights or arguments [*Id.*]. Defendant Officer Moneymaker then came behind Plaintiff, put her knee in the center of Plaintiff's back, and handcuffed her [*Id.*]. Defendant Officer Moneymaker then raised Plaintiff up with her knee still in Plaintiff's back, at which point Plaintiff "noticed excruciating nonstop pain" [*Id.*]. When a doctor later took x-rays of Plaintiff's spinal cord, they showed that Plaintiff has a "L1 burst fracture" [Id. at 8]. Plaintiff refused the surgery for this injury that her doctor strongly recommended because she was not educated about the injury or surgery or the after effects thereof [*Id.*]. Plaintiff later tried to have the surgery after she was released from prison, but the doctor told her that she would not benefit from it [*Id.*].

Plaintiff continues to suffer from her spinal cord injury, which will never get better [*Id.* at 9]. Plaintiff has sued Defendant Inmate Sikes and Defendant Officer Moneymaker [*Id.* at 3].

### III. ANALYSIS

#### A. Crystal Sikes

First, it is apparent from the complaint that Defendant Inmate Sikes was an inmate alongside Plaintiff at the time of the assault. Further, nothing in the complaint suggests that Defendant Inmate Sikes was exercising powers traditionally reserved to the state, that the state significantly encouraged or coerced Defendant Inmate Sikes, or that there was such a close relationship between the state and Defendant Inmate Sikes that her actions may be attributed to the state. *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor and therefore subject to liability under §1983). As such, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Inmate Sikes and she will be **DISMISSED**.

#### B. Officer Moneymaker

Next, as to Defendant Moneymaker, Plaintiff alleges in relevant part that Defendant Moneymaker raised Plaintiff up while she was handcuffed and Defendant Moneymaker's knee was in Plaintiff's back, at which point Plaintiff "noticed excruciating nonstop pain." Thus, it appears that Plaintiff seeks to hold Defendant Moneymaker liable under § 1983 for this act.

It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the relevant incident. Regardless, even if the Court assumes that Plaintiff was a pretrial detainee and therefore analyzes this apparent use of force claim under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015), Plaintiff's complaint still fails to state a claim upon which relief may be granted under § 1983 as to Defendant Moneymaker.

In evaluating a use of force claim under the due process clause of the Fourteenth Amendment, the relevant inquiry is whether "the force purposely or knowingly used against [Plaintiff] was objectively unreasonable." *Id.* at 2473. This determination must be based on the specific facts of the case, viewed from the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* The Court must also take into account "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained'" and appropriately defer to "'policies and practices that in th[e] judgment' of jail officials that 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

The Supreme Court has set forth the following non-exclusive list of considerations that "may bear on the reasonableness or unreasonableness of the force used" as to pretrial detainees:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* The Supreme Court further specified that "the use of excessive force that amounts to punishment" against pretrial detainees is unconstitutional. *Id.* (quoting *Graham*, 490 U.S. at 395 n.10).

First, it is apparent from Plaintiff's complaint that, in subduing and securing Plaintiff, Defendant Moneymaker was preserving the internal order of the jail by responding to a security threat, namely the fight between Plaintiff and Inmate Sikes, and acting to maintain the security of the institution. Further, while it is unclear why Defendant Moneymaker raised Plaintiff up while her knee was in Plaintiff's back, nothing in the complaint suggests that Defendant Moneymaker knew or should have known that this act might injure Plaintiff or that this act was forceful.

4

Moreover, nothing allows the Court to plausibly infer that this act was punishment in any way. Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Moneymaker.

## IV.     CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE